48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jimmie SMALL, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3902.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 31, 1995.
Filed: Feb. 10, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jimmie E. Small appeals from the district court's[1] order granting judgment to the United States in this action brought on breach of contract and on review of the Department of Agriculture's Agricultural Stabilization and Conservation Service's (ASCS) decision to terminate Small's participation in the Conservation Reserve Program (CRP). See Small v. United States, 838 F. Supp. 427 (E.D. Mo. 1993). We vacated our prior per curiam decision affirming the district court's judgment, and ordered a transcript prepared at government expense. We now affirm.
 
 
 2
 In 1987, Small held four separate CRP contracts, agreeing not to grow crops for ten years on the designated property in exchange for "rent." In 1989, during a spot check, ASCS inspectors discovered soybeans growing on property covered by three of the CRP contracts. ASCS officials notified Small that he was in breach of his contracts, and the county ASCS committee held a hearing, at which Small stated that if a set-off dispute was not resolved, there would be more beans planted on his reserve land in 1990. The county committee, concluding Small had not acted in good faith, terminated the three contracts. After Small failed to file the certification of his 1989 acreage on his fourth contract, the committee terminated it as well. Small unsuccessfully appealed to the state ASCS committee and to the ASCS Deputy Administrator for State and County Operations, thus exhausting his administrative appeals.
 
 
 3
 Small then filed suit in district court, alleging breach of contract and seeking review of the agency decision under the Administrative Procedures Act (APA). After a trial, at which Small proceeded pro se, the district court agreed with the government that, under the APA and 7 C.F.R. Sec. 704.22 (if participant fails to carry out terms and conditions of CRP contract, Commodity Credit Corporation "may" terminate contract), the decision to terminate Small's contracts was a decision committed to agency discretion, and was thus unreviewable. Small, 838 F. Supp. at 431. Even if the decision was reviewable, the district court concluded the decision was not arbitrary, capricious, or an abuse of discretion. Id. at 431-32. The court also concluded that Small's breach-of- contract claim failed, because the evidence established that there were soybeans planted in Small's field in 1989. Id. at 432.
 
 
 4
 Although agency decisions are presumed reviewable under the APA, North Dakota ex. rel Bd. of Univ. & Sch. Lands v. Yeutter, 914 F.2d 1031, 1033 (8th Cir. 1990), cert. denied, 500 U.S. 952 (1991), the APA judicial review provisions do not apply "to the extent that-(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. Sec. 701(a). We agree with the district court that ASCS's decision to terminate Small's contracts was a decision committed to the discretion of the agency, and thus was not subject to judicial review. The regulation setting forth the agency's authority to terminate CRP contracts is written in discretionary terms, see 7 C.F.R. Sec. 704.22(a), and does not establish "any meaningful standard against which a court could judge the [agency's] exercise of [its] discretion." Yeutter, 914 F.2d at 1035.
 
 
 5
 To the extent Small appeals the ruling on his breach-of- contract claim, the district court's findings relating to this claim were not clearly erroneous. See Fed. R. Civ. P. 52(a).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Catherine D. Perry, then United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c), now United States District Judge for the Eastern District of Missouri